[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11412

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DERRICK FORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:23-cr-00020-CDL-MSH-1

_____

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Derrick Ford appeals his prison sentence of 120 months for possession of a stolen firearm. 18 U.S.C. § 922(j). He argues that his sentence is procedurally and substantively unreasonable. We affirm.

An indictment charged Ford with possession of a firearm by a convicted felon as an armed career criminal. *Id.* §§ 922(g)(1), 924(e). In exchange for Ford's plea, the government filed a superseding information charging him only with possession of a stolen firearm. *Id.* § 922(j). Ford pleaded guilty to that charge.

A probation officer prepared a presentence investigation report describing how police stopped a car in which Ford was a passenger and found a pistol under his seat. Ford admitted he possessed the gun and that it was stolen. He also admitted he was affiliated with a gang. The report recounted his criminal history, which included multiple juvenile adjudications starting at age 14 for battery, burglary of a home, obstruction of a law enforcement officer, trespass, theft of a motor vehicle, burglary of a motor vehicle, and fleeing or attempting to elude a police officer. It recounted his adult convictions for assault, burglary, theft by receiving stolen property, battery, fleeing or eluding a police officer, obstruction of a police officer, criminal trespass, family violence, and terroristic threats. The report detailed that Ford's probation for a prior

burglary conviction was revoked after he was arrested on other charges, including criminal gang activity, pointing a gun at another, murder, and possession of a weapon during the commission of a felony. The report stated that court records for the murder charge alleged that Ford and his codefendants took a gun from a car and later used that gun to kill someone. Ford claimed self-defense, and the case was dismissed. Ford had his probation revoked again based on the instant charge. The report also stated that Ford's father had been incarcerated his whole life, and Ford had been medicated for attention deficit disorder and conduct disorder.

The report calculated a base offense level of 14, United States Sentencing Guidelines Manual § 2K2.1(a)(6) (Nov. 2023), applied a 2-level increase because the gun was stolen, *id.* § 2K2.1(b)(4)(A), and applied a 3-level decrease for acceptance of responsibility, *id.* § 3E1.1(a)-(b), for a total offense level of 13. The report calculated a criminal history category of IV and an offense level of 13. It provided a guideline imprisonment range of 24 to 30 months and a 10-year statutory maximum term of imprisonment.

At the sentencing hearing, neither party objected to the presentence investigation report. Ford requested a guideline sentence based on his difficult upbringing, including the fact that his father was in prison and his mother worked multiple jobs to support her children, that he experienced violence at a young age, and that he had received medication for a developmental disability from a young age. And he argued that the burglaries that could

have made him an armed career criminal happened when he was 17. The government recommended 84 months of imprisonment.

The district court adopted the guideline range outlined in the presentence investigation report and sentenced Ford to 120 months of imprisonment, followed by 3 years of supervised release. It considered the statutory sentencing factors. 18 U.S.C. § 3553(a). It found that Ford was involved in gangs and "participated in criminal conduct involving the unlawful possession of guns." It also found that his criminal conduct involved going into cars and homes, which was dangerous to victims, as well as violent conduct. It then found that the government could have charged him as an armed career criminal with a 180-month mandatory minimum sentence but chose not to do so. Ford objected to the reasonableness of his sentence.

We review the reasonableness of a sentence by first considering whether the sentence is procedurally reasonable, and if it is, by then examining whether it is substantively reasonable based on the totality of the circumstances. *United States v. Steiger*, 107 F.4th 1315, 1319 (11th Cir. 2024). When a defendant raises an argument regarding procedural reasonableness for the first time on appeal, we review for plain error. *Id.* at 1320. Under that standard, a party must establish that there was an error, that the error was plain, that the error affected his substantial rights, and that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* We review the substantive reasonableness of a sentence for abuse of discretion. *Id.*

The district court did not plainly err by finding that Ford "participated in criminal conduct involving the unlawful possession of guns." A district court procedurally errs by selecting a sentence based on clearly erroneous facts. *Gall v. United States*, 552 U.S. 38, 51 (2007). Factual findings may be based on conclusory, undisputed statements in the presentence investigation report. *United States v. Hedges*, 175 F.3d 1312, 1315 (11th Cir. 1999). A district court is free to consider any relevant information about the defendant's "background, character, and conduct," including conduct not resulting in a conviction. *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (quoting 18 U.S.C. § 3661).

Ford did not object to the finding that his prior criminal conduct involved the unlawful possession of guns by "raising that point in such clear and simple language that the trial court may not misunderstand it." *United States v. Corbett*, 921 F.3d 1032, 1043 (11th Cir. 2019) (citation and internal quotation marks omitted, alterations adopted). Because he failed to raise this argument in the district court, we review it for plain error. *See Steiger*, 107 F.4th at 1320. The district court did not err in finding that Ford had participated in the unlawful possession of guns. Ford argues he did not have a gun-related conviction before the instant offense. But the district court did not suggest that Ford had a prior gun-related conviction but that he had participated in criminal conduct involving guns. Undisputed facts in the presentence investigation report established that Ford was arrested for gun crimes, including an arrest on a murder charge where court records alleged that he shot someone with a stolen gun and had his probation revoked. Regardless of

whether those arrests led to convictions, the district court could rely on these undisputed facts. *See Tome*, 611 F.3d at 1379; *Hedges*, 175 F.3d at 1315.

The district court did not abuse its discretion by imposing a substantial upward variance. The district court imposes a substantively unreasonable sentence when it fails to consider relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021). We will disturb a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence that falls outside the range of reasonableness as dictated by the facts of the case." *Id.* (citation and internal quotation marks omitted). The district court may "attach great weight to one factor over others," and this discretion is "particularly pronounced when it comes to weighing criminal history." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (citation and internal quotation marks omitted). "We do not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020). "Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one—the requirement is that the justification be sufficiently compelling to support the degree of the variance." *United States v. Irey*, 612 F.3d 1160,

1196 (11th Cir. 2010) (en banc) (citation and internal quotation marks omitted).

The district court found that Ford's gang activity and participation in the unlawful possession of guns, unlawfully entering cars and homes, and violent criminal activity supported an upward variance. Ford had prior convictions for battery, burglary, trespass, theft, assault, fleeing and obstructing police, family violence, and terroristic threats beginning at age 14 and continuing until his arrest at 23. He had his probation revoked multiple times for arrests involving guns—one of which involved a murder charge.

The district court was allowed to "attach great weight" to Ford's significant criminal history and likelihood of recidivism and weigh that factor more heavily than any mitigating circumstances regarding his childhood. *See Riley*, 995 F.3d at 1279. We have upheld major upward variances when district courts gave great weight to a defendant's significant criminal history, including juvenile adjudications. *See, e.g.*, *United States v. Shaw*, 560 F.3d 1230, 1240–41 (11th Cir. 2009) (holding that a 120-month upward variance was substantively reasonable when the guideline range was 30 to 37 months due to the defendant's extensive criminal history beginning as a juvenile and continuing into his twenties). And the district court was allowed to rely on his criminal history even though it is already accounted for in the guidelines. *See United States v. Williams*, 526 F.3d 1312, 1323–24 (11th Cir. 2008) (holding that a district court can consider the nature of a defendant's past crimes, even though they were included in the calculation of the guideline

range). The district court also did not give significant weight to an improper factor by finding that the government could have charged Ford as an armed career criminal subject to a 180-month sentence. It could consider his criminal history and conduct as relevant information concerning Ford's "background, character, and conduct." 18 U.S.C. § 3661. The district court did not commit a clear error of judgment in imposing a substantial upward variance. *See Taylor*, 997 F.3d at 1355.

We also disagree with Ford's argument that the sentence created unwarranted sentencing disparities. There can be no unwarranted sentencing disparities among those "who are not similarly situated." *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015). "One needs to have more than the crime of conviction and the total length of the sentences to evaluate alleged disparities." *Id.* "The underlying facts of the crime and all of the individual characteristics are relevant." *Id.* Ford points to statistics regarding upward variances among defendants sentenced under the same guideline and criminal history category without comparing the particular characteristics of offenders in those cases, so he cannot establish that his sentence created unwarranted sentencing disparities. *See id.*; *United States v. Hill*, 643 F.3d 807, 885 (11th Cir. 2011) ("[W]e are not convinced that a sentence imposed in this circuit is subject to a national grade curve.").

We **AFFIRM** Ford's conviction and sentence.